Affirmed and Memorandum Opinion filed August 11, 2009








Affirmed and Memorandum Opinion filed August 11, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00080-CV

_______________

 

GARY MURCHISON, Appellant

 

V.

 

MINH QUOC PHAM, Appellee

                                                                                                                                               


On Appeal from the 80th District Court

Harris County, Texas

Trial Court Cause No. 2004-26657

                                                                                                                                               


 

M E M O R A N D U M    O P I N I O N

In this
motor vehicle accident case, appellant Gary Murchison challenges the directed
verdict in favor of appellee Minh Quoc Pham.  Because there is no evidence that
Pham breached a duty to Murchison, we affirm.  








I.  Factual and Procedural Background

On
August 2, 2002, vehicles driven by Murchison and Pham collided in a restaurant
parking lot.  At trial more than five years later, Murchison did not appear,
and witnesses relied on demonstrative exhibits to show the traffic pattern and
the relative location of the Murchison and Pham vehicles. 

Because
these exhibits are not part of the record on appeal, our description of events
necessarily is drawn solely from witness testimony.  

According
to Pham, the restaurant parking lot was completely full, and as he circled the
lot looking for a parking space, he approached a AT@ intersection.  A parked car to Pham=s right blocked one row, and Pham
began Ainching@ his car forward at Aprobably@ less than one mile per hour to look
past the obstructing vehicle.  Pham testified, AAs I turned [right] and before I know
it, there=s another car came in, hit me at the corner of [the] driver=s side, tip of the corner.@  Pham also agreed that his vehicle
hit the door of Murchison=s vehicle on the driver=s side.  According to Pham, the
accident happened in a Asplit second,@ and although he looked in all directions, he did not see
Murchison=s vehicle before the accident.  He identified nothing that he or
Murchison did wrong.

Murchison=s wife, Michelle Walsh, testified
that Murchison was driving at about five miles per hour at the time of the
accident.  According to Walsh, Pham Awas inching out and he hit us right
in the passenger=s [sic] door before we had a chance to slow down, speed up,
next thing we know the accident happened.@  She did not know if Murchison saw
Pham before the accident.  She further testified that Murchison was injured and
incurred $17,908 in medical bills, but the record contains no evidence
identifying Murchison=s injury or its cause.  Walsh also estimated that Murchison=s vehicle sustained $3,500 in
damage.   








At the
close of Murchison=s evidence, Pham moved for a directed verdict on the grounds
that there was no evidence of negligence, breach of duty, or causation.  The
trial court granted the motion and denied Murchison=s subsequent motion for new trial. 
This appeal timely ensued.

II.  Issue Presented

In his
sole appellate issue, Murchison contends the trial court erred in granting Pham=s motion for instructed verdict.

III.  Standard of Review

In
reviewing an instructed verdict, we determine whether there is more than a
scintilla of probative evidence to raise a fact issue on the material questions
presented.  Coastal Transp. Co. v. Crown Cent. Petroleum Corp., 136
S.W.3d 227, 233 (Tex. 2004); Szczepanik v. First S. Trust Co., 883
S.W.2d 648, 649 (Tex. 1994) (per curiam).  We consider all of the evidence in a
light most favorable to the party against whom the verdict was instructed and
give the losing party the benefit of all reasonable inferences created by the
evidence.  Coastal Transp., 136 S.W.3d at 234.  If there is any
conflicting evidence of probative value on any theory of recovery, an
instructed verdict is improper and the case must be reversed and remanded for
jury determination of that issue.  Szczepanik, 883 S.W.2d at 649.

IV.  Analysis

To
prevail on a negligence claim, a plaintiff must prove the existence of a legal
duty, a breach of that duty, and damages proximately caused by the breach.  D.
Houston, Inc. v. Love, 92 S.W.3d 450, 454 (Tex. 2002).  Here, Murchison
presented less than a scintilla of evidence that Pham breached a duty to
Murchison.  To the contrary, the evidence is uncontroverted that a car was
parked in a way that impaired Pham=s view, and the collision occurred
suddenly while Pham was Ainching@ forward to see beyond this obstruction.  There is no
evidence that either driver could have seen the other in time to avoid an
accident, even given the low speed at which Walsh admits Pham was traveling.  








On this
record, any inference that Pham breached a duty to Murchison would be based
solely on the fact that a collision occurred.  The occurrence of a motor
vehicle accident is not itself, however, evidence of negligence.  Smith v.
Cent. Freight Lines, Inc., 774 S.W.2d 411, 412 (Tex. App.CHouston [14th Dist.] 1989, writ
denied).  We therefore overrule Murchison=s sole issue on appeal.

V.  Conclusion

Because
Murchison failed to present legally sufficient evidence of negligence, we
affirm the trial court=s judgment. 

 

 

 

/s/        Eva M. Guzman

Justice

 

Panel consists of Justices Anderson,
Guzman, and Boyce.